United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR-13-00530-YGR (KAW) |
| Plaintiff, | DETENTION ORDER |
| v. | |
| GABRIEL J. TAYLOR, | |
| Defendant. | |

## I.  BACKGROUND INFORMATION

Defendant Gabriel J. Taylor is charged in an indictment with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).  On September 9, 2013, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f).  Pretrial Services prepared a full bail study.  On September 12, 2013, the court conducted a detention hearing.  Defendant was present, in custody, and represented by Assistant Federal Public Defender Ellen Leonida.  Special Assistant United States Attorney Kevin Lin appeared on behalf of the Government.  For the reasons stated below, the court orders that Defendant be detained.

## II.  LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release.  If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community.  Close cases should result in release: "[t]o give effect to the principle

DETENTION ORDER
CR-13-00530-YGR (KAW)                                1

1    that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to

2    rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal.

3    1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

4           A person facing trial generally shall be released if some "condition, or combination of

5    conditions . . . [can] reasonably assure the appearance of the person as required and the safety of

6    any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release

7    should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United*

8    *States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n

9    our society liberty is the norm, and detention prior to trial or without trial is the carefully limited

10   exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply.

11   18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section

12   3142(c) will reasonably assure the defendant's appearance and the safety of the community or

13   another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the

14   least restrictive condition or combination of conditions that will reasonably assure the appearance

15   of the person as required." *Motamedi*, 767 F.2d at 1405.

16          In evaluating whether pretrial release is appropriate, a court must consider  (1) the nature

17   and circumstances of the offense, (2) the weight of the evidence, (3) the history and

18   characteristics of the person (including his character, physical and mental condition, family ties,

19   employment, financial resources, length of residence in the community, community ties, past

20   conduct, history relating to drug and alcohol abuse, criminal history, or record concerning

21   appearance at court proceedings), and (4) the nature and seriousness of the danger to any person

22   or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at

23   1407.

24          The indictment charges that on or about June 30, 2013, Defendant, having previously been

25   convicted of a felony, knowingly possessed a Llama 7.65 mm handgun with serial number 75949.

26   Defendant was arrested on September 9, 2013.

27   ///

28   ///

DETENTION ORDER
CR-13-00530-YGR (KAW)                    2

United States District Court
Northern District of California

**A.  The Nature and Circumstances of the Offense and Weight of the Evidence**

The offense charged in this case are felon in possession of a firearm, which gives rise to a rebuttable presumption of detention. 18 U.S.C. §§ 3142(e)(2), (f)(1)(E).  The presumption of detention shifts the burden of *production* to the defendant; the ultimate burden of persuasion remains with the government.  *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

As to the weight of the evidence, while this is the least important factor, Defendant's instant offense involved a high speed chase while in possession of a firearm.

**B.  The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community**

Defendant is 27 years old and resided in Oakland, California prior to his arrest.  He completed his GED and received his high school diploma, but has a sporadic employment history, and was unemployed at the time of his arrest.  Defendant indicated that he began using methamphetamine in February 2006, and admitted to daily use prior to his arrest.

Defendant's criminal record dates back to 1997, when he was arrested for vandalism as a juvenile.  Defendant sustained his first conviction for attempted vehicle theft, possession of burglary tools, and failure to obey a juvenile court order.  Defendant sustained four other convictions in 2002 and 2003 that resulted in being sent to juvenile hall.  In 2004, Defendant was convicted of robbery and subsequently had his probation revoked on at least four occasions.  Thereafter, Defendant was convicted of misdemeanor battery, and had his probation revoked on at least five occasions, and also had a failure to appear.  In 2006, Defendant was convicted of possession of a controlled substance, and repeatedly failed to appear and had his probation revoked on numerous occasions.  In 2007, Defendant gave false identification to a peace officer (a misdemeanor), and failed to appear in court on two occasions, and had his probation revoked on four occasions.  In 2010, Defendant was convicted of being a felon in possession of a firearm, which is also the charged instant offense, and had his probation terminated in favor of a 16 month prison sentence.  In addition, other drug-related arrests occurred while Defendant was on supervised release, and, while not resulting in new convictions, they resulted in probation being revoked in lieu of filing and in additional time in custody to finish his term.  Defendant is

DETENTION ORDER
CR-13-00530-YGR (KAW)                                    3

1    currently on court probation stemming for a stolen vehicle conviction, which is set to expire on

2    January 16, 2018.  Indeed, all of Defendant's felony and misdemeanor convictions are followed

3    by probation violations and failures to appear.

4           Defendant proposed his significant other Angela Sandoval as a surety.  Ms. Sandoval is

5    willing to sign an unsecured bond.  She says that she has been in a relationship with Defendant for

6    three years and that they have one minor child together. She is a U.S. citizen and does not have a

7    prior criminal history, and is currently employed at Grocery Outlet.

8           Defendant proposed that he could reside at Men of Valor, where they have a bed space

9    available, and where he could receive drug treatment.  As provided above, Defendant was on

10   probation at the time of the current offense, and has a long history of violating the terms of his

11   supervised release.  Defendant's probation officer noted that Defendant has an "awful track

12   record" when it comes to compliance, and does not believe that Defendant would do well, and

13   believes that he would flee.

14          While Ms. Sandoval appears to be a viable surety financially, given Defendant's

15   propensity to violate the terms of his supervised release, it is unlikely that her signing a bond

16   would provide sufficient moral suasion for Defendant to abide by the terms of release, such that

17   there are no conditions to ensure that he would comply with any conditions of release in this case.

18   **C.  Risk of Nonappearance**

19          Factors that indicate Defendant poses a risk of nonappearance include his numerous

20   failures to appear, his illicit drug use, his unemployment status, and his reported mental health

21   issues.  Mitigating factors include his familial ties and his residential history, his potential co-

22   signer, and lack of international travel.  The Court notes that Defendant has used seven

23   aliases/variations of his true name, three alternate social security numbers, and two alternate dates

24   of birth.

## III.  CONCLUSION

26          In light of Defendant's criminal history, the nature of the instant offense, and the weight of

27   the evidence, the Court finds that Defendant presents a danger to the community and a risk of

28   nonappearance, and that there are no conditions or combination of release conditions that will

DETENTION ORDER
CR-13-00530-YGR (KAW)                                    4

*(left margin, vertical text)* United States District Court   Northern District of California

1    reasonably assure the safety of any other person or the community or mitigate the defendant's risk

2    of nonappearance.

3          For the reasons set forth above, Defendant shall remain committed to the custody of the

4    Attorney General for confinement in a corrections facility separate, to the extent practicable, from

5    persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall

6    be afforded reasonable opportunity for private consultation with counsel.  On order of a court of

7    the United States or on request of an attorney for the Government, the person in charge of the

8    corrections facility in which Defendant is confined shall deliver Defendant to a United States

9    marshal for the purpose of an appearance in connection with a court proceeding.

10         IT IS SO ORDERED.

11   DATED: September 18, 2013

KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR-13-00530-YGR (KAW)                                  5